ROBIN B. JOHANSEN, State Bar No. 79084
THOMAS A. WILLIS, State Bar No. 160989
REMCHO, JOHANSEN & PURCELL, LLP
201 Dolores Avenue
San Leandro, CA  94577
Phone:  (510) 346-6200
FAX:  (510) 346-6201

Attorneys for Respondents
*(Please see signature page for complete list of parties represented.)*

LeRue Grim, State Bar No. 37485
877 Bryant Street, Suite 200
San Francisco, CA  94103
Phone:  (415) 621-8071
FAX:  (415) 621-2129

Attorney for Petitioners
*(Please see signature page for complete list of parties represented.)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA ESQUIVEL, A minor, by and through her Guardian Ad Litem, GINA FLAMENCO, an adult; BRENDON RYAN VILLANUEVA, a minor, by and through his Guardian Ad Litem, EVELYN VILLANUEVA, an adult; KEVIN MARK VILLANUEVA, a minor, by and through his Guardian Ad Litem, EVELYN VILLANUEVA, an adult; MALCOLM WRIGHT, a minor, by and through his Guardian Ad Litem, BENNY WRIGHT, an adult, <br><br> Petitioners, <br><br>vs. <br><br> SAN FRANCISCO UNIFIED SCHOOL DISTRICT, SAN FRANCISCO BOARD OF EDUCATION, CITY AND COUNTY OF SAN FRANCSICO, ERIC MAR, individually and as a Member of the School Board, MARK SANCHEZ, individually and as a Member of the School Board, JANE KIM, individually and as a Member of the School Board, KIM-SHREE MAUFAS, individually and as a Member of the School Board, NORMAN YEE, individually and as a Member of the School Board, JILL WYNNS, individually and as a Member of the School Board, HYDRA MENDOZA, individually and as a Member of the School Board, CARLOS GARCIA, individually and as the Superintendent of the San Francisco School District, DAN KELLY, individually and as a former Member of the School Board, SARA LIPSON, individually and as a former Member of the School Board, <br><br> Respondents. | No.:  CV 07 5709 MHP <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> Case Management Conference: <br><br> Date:  February 25, 2008 <br> Time:  4:00 p.m. <br> Crtrm.:  15 <br><br> (The Honorable Marilyn Hall Patel) |

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER – NO. CV 07 5709 MHP

Pursuant to this Court's Civil Local Rules ("Civ. L.R.") 16-9, the parties jointly submit this Case Management Statement. Each party certifies that its lead trial counsel who will try this case met and conferred for the preparations of this Statement as required by Civ. L.R. 16-3. The parties make the following representations and recommendations:

**1.   Jurisdiction and Service**

Plaintiffs, four high school students and their guardians, brought this action against the San Francisco Unified School District, the Board of Education, several individual Board members, the Superintendent, and the City and County of San Francisco (defendants) to challenge the Board's decision to discontinue Junior Reserve Officers Training Corps (JROTC), an extracurricular program offered at several San Francisco high schools. JROTC is sponsored by the Department of the Army and seeks to promote student leadership training. The JROTC program is scheduled to be phased-out by the end of the 2008-09 school year. Plaintiffs contend that the Board's decision to discontinue the program violates their First Amendment rights, and they seek an injunction permanently enjoining the Board from phasing-out the program. They have brought the action under 42 U.S.C. section 1983.

There are no disputes about subject matter jurisdiction, venue, or personal jurisdiction.

Plaintiffs filed the case on November 9, 2007, and served several defendants on December 7, 2007. Subsequently, defense counsel accepted service on behalf of all defendants except the City and County of San Francisco. The City and County was separately represented by the City Attorney's Office and has subsequently been dismissed from the case. No parties remain to be served.

**2.   Facts**

As discussed above, plaintiffs brought this case to challenge the School Board's decision, made in November 2006, to phase-out the JROTC program at certain SFUSD high schools at the end of the 2007-08 school year. On December 11, 2007, the Board amended that resolution to extend the JROTC program for one more year, through the end of the 2008-09 school year. Thus, the JROTC program remains in place and will continue through the next school year.

The case is a narrow one and will likely be resolved as a matter of law. There are therefore likely to be few relevant or disputed facts.

JOINT CASE MANAGEMENT STATEMENT                   1
AND [PROPOSED] ORDER – NO. CV 07 5709 MHP

The one factual area that is in dispute is the underlying reason for the Board's decision to phase-out the JROTC program. Plaintiffs contend that individual Board members voted to phase-out the program because of their anti-military political views. Defendants contend that the views of individual Board members are irrelevant and privileged under the legislative privilege doctrine, and in any event the Board's decision to phase-out the JROTC program was reasonably related to legitimate pedagogical concerns.

**3. Legal Issues**

The legal question in this case is whether the Board's decision to phase-out the JROTC program violates plaintiffs' First Amendment rights. Plaintiffs contend that the Board violated plaintiffs' First Amendment rights by canceling the JROTC program and some Board members made that decision based on their own political beliefs rather than in the interest of the students. Plaintiffs rely on *Board of Education, Island Trees Union Free School Dist. No. 26 v. Pico*, 457 U.S. 853 (1982).

Defendants deny this and contend that the School Board has broad discretion to set school curriculum and making curriculum choices does not implicate the First Amendment. Defendants rely on, among other cases, *Board of Education v. Pico*, 457 U.S. 853; *Downs v. Los Angeles Unified School District,* 228 F.3d 1003 (9th Cir. 2000) (school can make content-based decisions about its curriculum without implicating First Amendment or creating limited public forum); *Chiras v. Miller*, 432 F.3d 606 (5th Cir. 2005) (no First Amendment right implicated by board's decision to reject use of textbook.).

**4. Motions**

Defendants will file a motion to dismiss for failure to state a cause of action on which relief can be based. Defendants contend that as a matter of law, plaintiffs do not have a First Amendment right to any particular curriculum, and the Board did not violate plaintiffs' First Amendment rights when it decided to discontinue the JROTC program. Pursuant to this Court's standing order that parties should generally not file motions to dismiss prior to the case management conference, the parties have entered into a stipulation extending the time by which defendants can respond to the complaint to March 7, 2008. Defendants intend to file the motion to dismiss shortly after this conference but in no event later than March 7. The motion will likely be heard in mid-April.

In addition, defendants may file a motion seeking a protective order in the event the motion to dismiss is denied and plaintiffs seek to take the depositions of the Board members who voted on the resolution.

The parties also anticipate filing dispositive motions.

**5.    Amendment of Pleadings**

Plaintiffs do not anticipate amending their complaint at this time.

**6.    Evidence Preservation**

Because this case turns on a matter of law and involves few disputed facts, any discovery is likely to be narrow and limited. That said, the School District has taken steps to preserve documents and electronically-recorded material with respect to the Board's decision (1) in November 2006 to phase-out the JROTC program and (2) in December 11, 2007 to modify that resolution and extend the JROTC program through the end of the 2008-09 school year.

**7.    Disclosures**

The parties anticipate making initial disclosures required under Federal Rules of Civil Procedure Rule 26(f) as follows:

Defendants served their initial disclosures on February 19, 2008. Defendants disclosed the name of witnesses that may have information concerning the Board's decisions to phase-out the JROTC program. Defendants have also disclosed categories of documents related to the Board's decisions.

Plaintiff's counsel states that he intends to serve plaintiffs' initial disclosures shortly.

**8.    Discovery**

The parties have not taken any discovery to date and have agreed to stay all discovery until defendants' motion to dismiss has been ruled on by the Court. The parties anticipate that if the motion to dismiss is denied and the case proceeds, there will be only limited discovery taken. Plaintiffs have indicated they will seek to take the depositions of the Board members who voted on the resolution to phase-out the JROTC program. Defendants will oppose those depositions on the grounds that the individual reasons the Board members voted for or against the resolution are irrelevant to the

resolution of the case and are protected under the legislative privilege doctrine.  Therefore, defendants may file a motion for a protective order if or when plaintiffs notice those depositions.

Defendants do not anticipate taking discovery at this time although they may seek limited discovery concerning any claims plaintiffs make concerning damages or limited discovery to better understand the claims being made.

**9.     Class Action**

This is not a class action.

**10.    Related Cases**

There are no other related cases pending.

**11.    Relief**

Plaintiffs seek a permanent injunction prohibiting the Board and SFUSD from ending the JROTC program.  In addition, they seek damages, but they have not to date set forth the amount or nature of those damages.

**12.    Settlement and ADR**

The parties believe this case will need to be resolved by the Court because it involves both a drastic and far-reaching remedy (a permanent injunction against a school board and district) and turns on a matter of law (whether plaintiffs have a First Amendment right to a particular curriculum or participate in a particular school program).  While the parties are not opposed to ADR or some other form of early resolution, they believe it would make the most sense to postpone any such settlement discussions until after the Court has ruled on the motion to dismiss.  Defendants have filed the ADR certification and request for a phone conference.  Plaintiffs state they will file those certifications shortly.

**13.    Consent to Magistrate Judge for All Purposes**

The parties do not consent to have a magistrate judge conduct all proceedings.

**14.    Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a Special Master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The parties believe the case raises a narrow legal question that is likely to be resolved through dispositive motions. They do not at this time see any areas of the case that can be further narrowed by stipulation or motion practice.

### 16. Expedited Schedule

The parties do not believe the case needs to be handled on an expedited basis.

### 17. Scheduling

Defendants' motion to dismiss will be filed no later than March 7, and likely will be heard in April, 2008.

If the Court denies the motion, the parties anticipate that they will need limited discovery to prepare for dispositive motions. The parties anticipate engaging in limited discovery in May through August, 2008, with a discovery cut-off of September 1, 2008. They do not currently anticipate that expert witnesses will be used, but any designation of experts could occur by September 15, 2008. Dispositive motions could then be filed by November 3, 2008.

### 18. Trial

The parties do not anticipate a trial at this time since plaintiffs are primarily seeking injunctive relief, which will likely be decided through dispositive motions. Plaintiffs have made a claim for damages, but they have not stated the nature or amount of those damages, or how they seek those to be adjudicated.

### 19. Disclosure of Non-Party Interested Entities or Persons

Defendants file their Disclosures of Non-Party Interested Entities or Persons pursuant to Local Rule 3-16, herewith. Plaintiffs' counsel states he will file plaintiffs' disclosure shortly. Defendants are not aware at this time of any party other than the named parties who has

either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest subsequently affected by the outcome of the proceeding.

DATED:

IT IS SO ORDERED:

_____
JUDGE MARILYN HALL PATEL
UNITED STATES DISTRICT COURT JUDGE

Dated: February 19, 2008            Respectfully submitted,

REMCHO, JOHANSEN & PURCELL, LLP

By: _____/s/_____
    Thomas A. Willis

Attorneys for Respondents San Francisco Unified School District, San Francisco Board of Education, City and County of San Francisco, Eric Mar, Mark Sanchez, Jane Kim, Kim-Shree Maufas, Norman Yee, Jill Wynns, Hydra Mendoza, Carlos Garcia, Dan Kelly and Sara Lipson

By: _____/s/_____
    LeRue Grim

Attorney for Petitioners Andrea Esquivel, Brendon Ryan Villanueva, Kevin Mark Villanueva and Malcolm Wright

(00051002)

**SIGNATURE ATTESTATION**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

Dated: February 19, 2008

                                    /s/
                            THOMAS A. WILLIS