1  ROBIN B. JOHANSEN, State Bar No. 79084
   THOMAS A. WILLIS, State Bar No. 160989
2  REMCHO, JOHANSEN & PURCELL, LLP
   201 Dolores Avenue
3  San Leandro, CA  94577
   Phone:  (510) 346-6200
4  FAX:  (510) 346-6201

5  Attorneys for Defendants San Francisco Unified
   School District, San Francisco Board of Education,
6  City and County of San Francisco, Eric Mar, Mark Sanchez,
   Jane Kim, Kim-Shree Maufas, Norman Yee, Jill Wynns,
7  Hydra Mendoza, Carlos Garcia, Dan Kelly and Sara Lipson

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11 ANDREA ESQUIVEL, et al.,                ) No.:  CV 07 5709 MHP
                                           )
12           Plaintiffs,                   ) **DEFENDANTS' REPLY TO**
                                           ) **UNTIMELY OPPOSITION**
13 vs.                                     )
                                           )      Hearing:
14 SAN FRANCISCO UNIFIED SCHOOL            )
   DISTRICT, et al.,                       ) Date:  April 21, 2008
15                                         ) Time:  2:00 p.m.
             Defendants.                   ) Crtrm.:  15
16                                         )
                                                (The Honorable Marilyn H. Patel)

28

DEFENDANTS' REPLY TO UNTIMELY OPPOSITION
– NO. CV 07 5709 MHP

1   On April 8, 2008, plaintiffs filed their opposition brief to defendants' motion to dismiss
2   and also filed an "addendum" to that brief.  These briefs were untimely, having been filed more than a
3   week after they were due.[1]  Moreover, because plaintiffs did not file and serve them electronically as
4   required, defendants' counsel did not receive them until April 10.
5   In light of plaintiffs' failure to file a timely opposition, defendants requested the Court
6   to consider deciding the case on the papers without a hearing, and they renew that request here based
7   on the fact that plaintiffs' untimely opposition offers absolutely no legal support for their case.
8   Plaintiffs may be disappointed that the San Francisco Board of Education is
9   discontinuing the JROTC program, but that disappointment does not give rise to a legal basis for
10  challenging the Board's duly-made policy decision.
11  Plaintiffs would have the Court decide the nonjusticiable question of what type of
12  curriculum San Francisco's public schools should offer.  That task would have no judicially-
13  manageable standards, would be unsupported by any case law of which defendants are aware, and
14  would be contrary to the United States Supreme Court's repeated warning that courts should avoid
15  wading into such matters.
16  A review of the opposition briefs makes two things clear.  First, in their long discussion
17  about the benefits of the JROTC program, plaintiffs simply underscore the point that this case is about
18  policy choices best left to elected officials, rather than a dispute of constitutional dimension that can be
19  resolved by courts through recognized judicial standards.
20  Second, as with their previous filings, plaintiffs do not point to any case law that
21  supports their position that the First Amendment requires or permits a court to review a school
22  district's curriculum decisions or compels a school district to continue offering a particular program
23  that they chose, in their discretion, to offer in the first place.  All of the cases cited in plaintiffs' brief
24  are either irrelevant or inapposite.  They are:  (1) *West Virginia Bd. of Educ. v. Barnette* (1943) 319

---

[1] The opposition brief was due March 31.

DEFENDANTS' REPLY TO UNTIMELY OPPOSITION         1
– NO. CV 07 5709 MHP

U.S. 624, which famously prohibited schools from compelling students to salute the flag but had nothing to do with government speech or curriculum decisions; (2) *Stanley v. Georgia* (1969) 394 U.S. 557, which dealt with the private right to receive obscene material without committing a crime but had nothing to do with schools or a school district's authority to implement curriculum choices; (3) *Griswold v. Connecticut* (1965) 381 U.S. 479, which of course established the right of privacy to use contraceptives without government interference but had nothing to do with schools or a school district's authority to implement curriculum choices; (4) *Board of Educ. v. Pico* (1982) 457 U.S. 853, which, as discussed in the motion to dismiss at pages 16-17, addressed the unique context of the school library and expressly declined to extend its holding to curriculum decisions; and (5) *Ambach v. Norwick* (1979) 441 U.S. 68, a case about the equal protection clause, not the First Amendment, which found that a New York law barring noncitizens from teaching public schools did not violate the equal protection clause.

Finally, plaintiffs take issue with defendants' reliance on *Rosenberger v. Rector and Visitors of the Univ. of Va.* (1995) 515 U.S. 819, but that case is fatal to plaintiffs' claim. There, the Court said this:

> When the University determines the content of the education it provides, it is the University speaking, and we have permitted the government to regulate the content of what is or is not expressed when it is the speaker or when it enlists private entities to convey its own message.

515 U.S. at 833.

Although the Court went on to find that the University could not make viewpoint-based restrictions when it does not speak itself but "instead expends funds to encourage a diversity of views from private speakers" (*id*. at 834), this case involves the Board of Education's speech in the form of curriculum decisions, and it does not involve a limited public forum open to private speakers. *Rosenberger* controls the outcome here.

DEFENDANTS' REPLY TO UNTIMELY OPPOSITION – NO. CV 07 5709 MHP     2

1    Plaintiffs' case is frivolous and should be dismissed.

2    Dated: April 16, 2008                    Respectfully submitted,

3                                             ROBIN B. JOHANSEN
                                              THOMAS A. WILLIS
4                                             REMCHO, JOHANSEN & PURCELL, LLP

5
                                              By:  /s/ Thomas A. Willis
6                                                  Thomas A. Willis

7                                             Attorneys for Defendants San Francisco Unified
                                              School District, San Francisco Board of Education,
8                                             City and County of San Francisco, Eric Mar, Mark
                                              Sanchez, Jane Kim, Kim-Shree Maufas, Norman
9                                             Yee, Jill Wynns, Hydra Mendoza, Carlos Garcia, Dan
                                              Kelly and Sara Lipson

(00055806-3)

DEFENDANTS' REPLY TO UNTIMELY OPPOSITION          3
– NO. CV 07 5709 MHP